77 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rafael CABRAL, Petitioner-Appellant,
v.
George SMITH, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 93-56360.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1995.
Decided Jan. 5, 1996.
 
 Before: SCHROEDER, FERGUSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Rafael Cabral, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Following a jury trial, Cabral was convicted of second degree murder and sentenced to a term of fifteen years to life. On appeal, he argues that his conviction was not supported by a jury verdict, and therefore violated his constitutional rights to due process and a fair trial. We review the district court's denial de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 Cabral's conviction for second degree, rather than first degree, murder resulted from an error made at Cabral's invitation. At Cabral's prompting, the trial court, faced with the jury's inconsistent verdict, reduced the conviction to second degree murder from first degree murder because the jury had found the defendant not guilty of the enhancement circumstance involving robbery. This constituted error. Criminal defendants may not attack a conviction simply because the jury verdict is internally inconsistent. United States v. Powell, 469 U.S. 57, 105 S.Ct. 471 (1984) (even verdicts that acquit on a predicate offense while convicting on the compound offense are beyond the defendant's attack). The record in this case reveals the same concerns that supported the rule in Powell: the jury may have acted out of lenity; the government was precluded from challenging the acquittal; and the jury's authority to issue a not guilty verdict for impermissible reasons is unreviewable. See Powell, 469 U.S. at 64-69. Cabral now challenges the constitutionality of the court's reduction. He may not.
 
 
 4
 The petitioner has been the recipient of two acts of lenity. First, the jury acquitted him of the special circumstance; and second, the trial court reduced his conviction from first degree to second degree murder. Petitioner's trial counsel made an informed and strategic decision to seek the judgment of a conviction for second degree murder in lieu of a new trial on first degree murder. There is no applicable principle of federal law that would entitle the petitioner to have his conviction further reduced. There has been no fundamental injustice.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3